UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

GEOSIERRA ENVIRONMENTAL, INC.,

Plaintiff,

v.

NAUTILUS INSURANCE COMPANY, INC., AND CERTAIN UNDERWRITERS AT LLOYD'S LONDON,

Defendants.

Case No. 2:21-CV-00366-RSM-TLF

REPORT AND RECOMMENDATION ON PLAINTIFF'S MOTION TO REMAND FOR LACK OF SUBJECT MATTER JURISDICTION AND ON NAUTILUS' MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

This matter comes before the Court on plaintiff's Motion to Remand for Lack of Subject Matter Jurisdiction. Dkt. 12. The Court heard oral argument on June 9, 2021 after receiving full briefing. Dkt. 12, 21, 25.

Plaintiff alleges that Nautilus, as the party who sought removal, has not met the burden of showing diversity of state citizenship as to plaintiff and all defendants. Specifically, plaintiff alleges that Defendant Certain Underwriters at Lloyd's London (Lloyd's) is not a single entity, but instead consists of many underwriting individuals known as "Names". Dkt. 12 at 3. Nautilus has not presented evidence to prove State citizenship concerning each of the Names; nor has Nautilus contested that each of the Names is a separate individual or entity. Dkt. 21. The parties agree and the record shows that plaintiff is a citizen of a different state than Defendant Nautilus. Dkt. 12, 22. The parties do not dispute the jurisdictional amount of $75,000 as to plaintiff's claims

against Nautilus; but plaintiff alleges that Nautilus must show that the portion of the liability amount as to each of the Lloyd's Names would be $75,000 or more. Dkt. 12, 25. Lloyd's has been served, but has not yet entered a notice of appearance in this action. Dkt. 15.

Because the defendant has not provided information to show that each of the "Names" are citizens of states other than the state where plaintiff is a citizen (Washington State) and the state where Nautilus is a citizen (Arizona), or that each of the Names would be exposed to liability for more than $75,000, the Court should grant plaintiff's motion and remand this case to state court. Because the defendant has failed to establish subject matter jurisdiction to support the removal from state court, the Court should dismiss the case without prejudice without deciding the issue of personal jurisdiction.

*Diversity Jurisdiction*

According to 28 U.S.C.§ 1441(a) and 28 U.S.C. § 1332, the District Court has diversity jurisdiction over all civil actions where the amount in controversy is greater than $75,000 exclusive of interest and costs, and where the civil action is between citizens of different states. "[T]he subject matter jurisdiction of the court cannot be waived and may be raised at any time." *Demarest v. HSBC Bank USA, N.A. as Trustee for registered holders of Nomura Home Equity,* 920 F.3d 1223, 1226 (9th Cir. 2019) (citations omitted). Federal subject matter jurisdiction under 28 U.S.C. § 1332 requires complete diversity of state citizenship between the plaintiff and all the defendants. *Americold Realty Trust v. ConAgra Foods, Inc.,* 136 S.Ct. 1012, 1015-1016 (2016); *Lee v. American Nat. Ins. Co.*, 260 F.3d 997, 1004 (9th Cir 2001). The party seeking to

invoke the federal court's jurisdiction on grounds of diversity jurisdiction "always bears the burden of both pleading and proving diversity jurisdiction." *NewGen LLC v. Safe Cig, LLC,* 840 F.3d 606, 613-14 (9th Cir. 2016). There is a "strong presumption against removal". *Hunter v. Philip Morris USA,* 582 F.3d 1039, 1042 (9th Cir. 2009) (quoting *Gaus v. Miles, Inc.,* 980 F.2d 564, 566 (9th Cir. 1992)). The party challenging jurisdiction may bring a facial attack or a factual attack. *NewGen LLC,* at 614. If the challenging party contests the truth of the allegations made by the party seeking to invoke diversity jurisdiction (usually by introducing evidence outside the pleadings) then the attack is factual. *Id.* If the facts are uncertain, the party contesting diversity jurisdiction may request an evidentiary hearing. *NewGen LLC,* at 615.

The removal statute is "strictly construed" against removal jurisdiction and doubts about removability must be resolved in favor of remanding the case to state court. *Gaus v. Miles,* at 566.

Diversity must be established as to each member of an unincorporated association. *Carden v. Arkoma Assocs.,* 494 U.S. 185, 195 (1990). Therefore, the citizenship of each member must be proved, and the $75,000 jurisdictional amount must be met as to each member. *Id.* The United States Court of Appeals for the Eleventh Circuit has held that Lloyd's is not an insurance company, but instead it is a marketplace in which Names – investors who may be people or corporations from many nationalities – are organized into syndicates and consortiums that are part of the marketplace. *Underwriters at Lloyd's, London v. Osting-Schwinn,* 613 F.3d 1079, 1083 (11th Cir. 2010). The court in *Underwriters at Lloyd's, London v. Osting-Schwinn,* at 1089, held that "whatever the syndicates' peculiar characteristics, *Carden*

unambiguously requires that they plead the citizenship of each of their member Names." Other federal circuit courts have reached the same holding (but with somewhat different reasoning), finding that *Carden v. Arkoma Assocs.* requires that in a suit where Lloyd's is a party, the party seeking to invoke diversity jurisdiction must prove diversity of citizenship as to each Name involved in the Lloyd's business structure. *Underwriters at Lloyd's, London v. Osting-Schwinn,* 613 F.3d at 1089 (collecting relevant circuit court citations); *PHL Variable Insurance Company v. Continental Casualty Company,* No. 19-cv-06799-CRB (N.D. Cal. 2020), 2020WL 1288454 (discussing the circuit court holdings). The Sixth Circuit has interpreted Tennessee law to hold that lead underwriters are the real parties in interest and only their citizenship must be proved. *Certain Interested Underwriters at Lloyd's, London, England v. Layne,* 26 F.3d 39, 42-44 (6th Cir. 1994).

The Ninth Circuit has not yet opined on this issue. An unpublished decision from the Western District of Washington followed *Gaus,* 980 F.2d at 566, and determined that the party seeking to remove the case to federal court under diversity jurisdiction would be required to prove diversity as to each of the Lloyd's Names. *National Fire & Marine Insurance Company v. Certain Underwriters at Lloyd's London,* No. C08-1836-JCC (W.D. Wash. 2009), 2009 WL 10676368 at *3. In an analogous situation, the Ninth Circuit held that an LLC, like a partnership, is a citizen of each state where each of its owners/members are citizens. *Johnson v. Columbia Properties Anchorage, LP,* 437 F.3d 894, 899 (9th Cir. 2006).

Although the parties have not submitted evidence to the Court that would establish specific facts concerning the precise Lloyd's Names who are involved with the

instant case, the Court should acknowledge the Lloyd's business structure as a commonly known fact under ER 201. A leading treatise on insurance law and practice describes Lloyd's as "individual insurers rather than corporate insurers;" and, "[T]here are some 20,000 underwriting members of Lloyd's who place their individual assets behind the risks assumed." *Couch on Insurance,* § 39:47 (3d Ed. 1988, and update June 2021).

In this case, the defendant has alleged in the Notice of Removal (Dkt. 1 at 2, 3) that "Lloyd's is a foreign non-resident insurance syndicate. On information and belief, Lloyd's principal place of business is in the United Kingdom."

Plaintiff asserts that according to the description of the business model on the Lloyd's website, the "syndicates" are specialists who price and underwrite risk – operating through brokers and coverholders to provide insurance, rather than insurance being issued by Lloyd's itself. Dkt. 13, Beatty Declaration, Ex. 5. *See also, PHL Variable Insurance Company v. Continental Casualty Company,* No. 19-cv-06799-CRB (N.D. Cal. 2020), 2020WL 1288454. Plaintiff also asserts the Court should decline to rule on the defendant's motion to dismiss for lack of personal jurisdiction. Dkt. 25 at 4-6.

The Court should reject Nautilus' assertion that subject matter jurisdiction has been proved. The Court should follow *Johnson v. Columbia Properties Anchorage, LP,* 437 F.3d 894, 899 (9th Cir. 2006), and analogize the business structure of Lloyd's to that of the LLC. Each of the Names is a separate and distinct member of Lloyd's, and complete diversity requires that each individual Name (whether a human or an entity) must be a citizen of a different state than plaintiff, as well as diverse from the other

Lloyd's Names and Nautilus. The defendant has similarly not shown that each of the Names has exposure for liability in excess of $75,000.

*Attorney's Fees*

Plaintiff asks for attorney's fees in their motion to remand. Dkt. 11 at 9. "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Gardner v. UICI, 508 F.3d 559, 561* (9th Cir. 2007) (quoting *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141, 126 S. Ct. 704, 163 L. Ed. 2d 547 (2005)).

There is not a precise holding from the Ninth Circuit concerning the business structure of Lloyd's and whether each of the Names must satisfy the diversity jurisdiction requirements. Yet, the Ninth Circuit's holding in *Johnson v. Columbia Properties Anchorage, LP,* 437 F.3d 894, 899 (9th Cir. 2006) would have alerted counsel to the issue. Given that the law in the Ninth Circuit was not completely settled, there was an objectively reasonable basis for Nautilus's counsel to make a motion to remove the case to federal court. This Court should deny the plaintiff's motion for attorney's fees and costs.

*The Court should decline to decide defendant's motion to dismiss for lack of personal jurisdiction.*

When a motion to dismiss for lack of personal jurisdiction and a motion to remand for lack of subject matter jurisdiction are both filed in the same case, ordinarily, the Court should dispose of the subject matter jurisdiction issue first, and the issue of

personal jurisdiction may be handled by the state court if the federal court determines that subject matter jurisdiction is lacking. *Ruhrgas AG v. Marathon Oil Co.,* 526 U.S. 574, 587-588 (1999). If the subject matter jurisdiction issue is the more difficult issue, the Court has discretion to consider personal jurisdiction first. *Id.*

Because the record shows the defendant failed to prove subject matter jurisdiction, and Ninth Circuit precedent on an analogous set of facts makes this an uncomplicated decision on subject matter jurisdiction, *Johnson v. Columbia Properties Anchorage, LP,* 437 F.3d 894, 899 (9th Cir. 2006), this Court should decide subject matter jurisdiction first.

CONCLUSION

The Court should decline to decide defendant's motion to dismiss for lack of personal jurisdiction, because that motion is superseded by the plaintiff's successful motion for remand due to lack of subject matter jurisdiction.

The parties have **fourteen (14) days** from service of this Report and Recommendation to file written objections thereto. 28 U.S.C. § 636(b)(1); FRCP 6; FRCP 72(b)(2). Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985). If objections are filed, the parties shall have **fourteen (14) days** from the service of the objections to file a response. FRCP 72(b)(2). Accommodating this time limitation, this matter shall be set for consideration on July 9, 2021.

Dated this 24th day of June, 2021.

Theresa L. Fricke

Theresa L. Fricke
United States Magistrate Judge