UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| GEOSIERRA ENVIRONMENTAL, INC.,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>NAUTILUS INSURANCE COMPANY, INC., *et al.*,<br><br>　　　　　　Defendants. | CASE NO. C21-0366-RSM<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION** |

## I.   INTRODUCTION

This matter comes before the Court on the Report and Recommendation ("R & R") of the Honorable Theresa L. Fricke.  Dkt. #30.  Plaintiff GeoSierra Environmental, Inc. ("GeoSierra") has moved to remand this case on the basis that Defendant Nautilus Insurance Company ("Nautilus") has failed to meet its burden of showing diversity of citizenship to establish federal jurisdiction.  Dkt. #12.  Having considered Plaintiff's complaint, Defendants' Notice of Removal, the R & R, Plaintiff's Objections, Nautilus' Response, and the remainder of the record, the Court approves and adopts the R & R in full.

## II.   BACKGROUND

The Court incorporates by reference the factual background as set forth in the R & R.  *See* Dkt. #30 at 1-2.  Plaintiff filed this action against Defendants Nautilus and Certain Underwriters

at Lloyd's London ("Lloyd's") in Washington State Superior Court for King County on February 24, 2021, alleging breach of contract, extra-contractual liability, bad faith, violations of Washington's Consumer Protection Act, and negligence. Dkt. #1-1. Nautilus removed the action to this Court on March 17, 2021. Dkt. #1. Plaintiff moved to remand for lack of subject matter jurisdiction, Dkt. #12, which Nautilus opposed. Dkt. #21. Nautilus also moved to dismiss for lack of jurisdiction. Dkt. #8.

After both the motion to remand and motion to dismiss were fully briefed, Judge Fricke held oral argument on June 9, 2021. Dkt. #27. On June 24, 2021, Judge Fricke issued an R & R recommending that this Court (1) remand the case given Nautilus' failure to prove subject matter jurisdiction; (2) deny Plaintiff's request for attorney's fees; and (3) decline to resolve Nautilus' motion to dismiss.

Nautilus has not filed objections. However, Plaintiff objects to Judge Fricke's recommendation that this Court deny Plaintiff recovery of attorney's fees. Dkt. #31. Nautilus has filed a response arguing that the R & R correctly denied attorney's fees. Dkt. #32.

### III.  DISCUSSION

**A. Legal Standard**

A district court has jurisdiction to review a Magistrate Judge's report and recommendation on dispositive matters. *See* Fed. R. Civ. P. 72(b). "The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." *Id*. "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). The Court reviews de novo those portions of the report and recommendation to which specific written objection is made. *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc).

B. Analysis

Plaintiff's objections are limited to whether the R & R properly denied Plaintiff recovery of attorney's fees. *See* Dkt. #31. Accordingly, the Court will limit its analysis to the fees issue. Under 28 U.S.C. § 1447(c), "an order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." The standard for awarding fees turns on the reasonableness of the removal. *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). Courts may award attorney's fees under 28 U.S.C. § 1447(c) where the removing party lacked an objectively reasonable basis for seeking removal. *Id.*

Judge Fricke concluded that remand was appropriate because Nautilus failed to meet its burden to show diversity of citizenship as to each of the underwriting individuals. Dkt. #30. The R & R determined that there is no "precise holding" from the Ninth Circuit concerning the business structure of Lloyd's and whether each of the underwriting individuals must satisfy diversity jurisdiction requirements. Dkt. #30 at 6. However, in an analogous situation, the Ninth Circuit held that an LLC, like a partnership, "is a citizen of each state where each of its owners/members are citizens." *Id.* at 4 (citing *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006)). The R & R reasoned that while *Johnson* "would have alerted counsel to the issue," the fact that the law in the Ninth Circuit was not completely settled gave Nautilus an objectively reasonable basis for removal. *Id.* at 6.

In its Objections, Plaintiff argues that Nautilus had no reasonable basis to claim complete diversity because it provided no proof that each underwriter is completely diverse and should have known the law when availing itself of the removal statute. Relying on two Western District of Washington cases, Plaintiff contends that it has been the law in this district since "at least 2003" that each named underwriter must be completely diverse from each plaintiff. Dkt. #31 at 4 (citing

*Certain Underwriters at Lloyd's of London Syndicates v. Travelers Indem. Co.,* No. C06-5238 RBL, 2006 U.S. Dist. LEXIS 49310, at *3 (W.D. Wash. July 7, 2006); *Zidell Marine Corp. v. Benefit Fire & Cas. Ins. Co.,* No. C03-5131 RBL, 2003 U.S. Dist. LEXIS 26253, at *9 (W.D. Wash. Dec. 4, 2003)). Plaintiff also cites other unpublished cases from this district as well as cases from federal courts in Hawaii, Nevada and California. *See id.* at 5, n.6. Plaintiff claims that it presented this case law to Nautilus' counsel following removal, but Nautilus refused to provide proof of complete diversity. Instead, Nautilus responded by filing a motion to dismiss in hopes of obtaining a more favorable forum. *Id.* at 4-5.

Nautilus does not address the holdings of *Certain Underwriters*, *Zidell Marine*, or the other cases Plaintiff relies upon. Instead, Nautilus argues that these decisions do not amount to "the law of the 9th Circuit." Dkt. #32 at 2. Furthermore, it argues that Plaintiff's insistence that Nautilus should have agreed to voluntary remand is inappropriate, given that voluntary remand would have required Nautilus to waive its defense of lack of personal jurisdiction in Washington. *Id.*

As an initial matter, Plaintiff's assertion that Nautilus' "only objective for removal was to obtain a decision from this Court dismissing Nautilus on personal jurisdiction grounds" is conclusory and does not constitute an adequate basis to grant attorney's fees. Dkt. #41 at 5. Moreover, the Court agrees with the conclusion of the R & R that the law in the Ninth Circuit is "not completely settled" on this issue. Dkt. #30 at 6. Plaintiff relies on unpublished decisions from the Western District of Washington and cases from districts in California, Hawaii, and Nevada, but points to no Ninth Circuit law that definitively resolves the question of whether each underwriting individual at Lloyd's must satisfy diversity jurisdiction requirements. To the extent Plaintiff relies on *Johnson*, the Court agrees with the R & R that *Johnson* addresses LLCs—not Lloyd's particular organizational structure—and therefore only applies to the facts of this case by

analogy. *See Johnson*, 437 F.3d at 899. Indeed, in a recent decision from the Northern District of California, the court acknowledged "[t]here is some disagreement among the Circuits as to how Lloyd's peculiar organizational structure impacts diversity jurisdiction analysis." *PHL Variable Ins. Co. v. Cont'l Cas. Co.*, No. 19-CV-06799-CRB, 2020 WL 1288454, at *3 (N.D. Cal. Mar. 18, 2020). The *PHL Variable* court noted that "[t]he prevailing trend, and the trend in California and in this District, is to adopt the Second Circuit's treatment of Lloyd's . . . which requires a court to consider the citizenship and amount of controversy <u>as to each Name</u> for the purposes of diversity analysis." *Id.* (emphasis in original). *PHL Variable* therefore confirms that the issue is not firmly settled in the Ninth Circuit. For that reason, the Court finds no error in the R & R's conclusion that denial of attorney's fees under 28 U.S.C. § 1447(c) is appropriate, given that it cannot conclude that Nautilus had no objectively reasonable basis for removal.

## IV.   CONCLUSION

Having reviewed the Report and Recommendation of the Honorable Theresa L. Fricke, United States Magistrate Judge, Plaintiff's Objections and Nautilus' Response, and the remaining record, the Court finds and ORDERS:

(1)   The Court ADOPTS the Report and Recommendation, Dkt. #30;

(2)   Plaintiff GeoSierra's Motion to Remand, Dkt. #12, is GRANTED without an award of attorney's fees and costs associated with bringing its motion. This case is hereby REMANDED to the Superior Court of Washington State for King County;

(3)   The Court declines to decide Defendant's Motion to Dismiss for lack of personal jurisdiction, Dkt. #8;

(4)   The Clerk is directed to send copies of this Order to the parties and to Judge Fricke.

DATED this 18th day of October, 2021.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER ADOPTING REPORT AND
RECOMMENDATION - 6